THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| FEDS FOR MEDICAL FREEDOM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity, *et al.*, <br><br> Defendants. | Civil Action 3:21-cv-00356 |

## DEFENDANTS' UNOPPOSED MOTION TO STAY

Defendants, through undersigned counsel, hereby request that the Court stay this litigation. As the Court is aware, United States has filed a notice of appeal of the Court's order granting a nationwide preliminary inunction of Executive Order 14043, and the Fifth Circuit has ordered expedited briefing, with oral argument scheduled for March 8, 2022. The issues on appeal overlap with the issues to be resolved by the Court in this case. Accordingly, in the interest of conserving judicial resources, Defendants move to stay further litigation, pending final resolution of the preliminary injunction appeal. In further support of this motion, Defendants would show the Court the following:

1. This action was filed on December 21, 2021, and Plaintiffs requested a preliminary injunction the following day. *See* Doc. No. 1 and 3. Defendants' response to the complaint is due February 21, 2022; the parties' joint discovery plan is due February

25, 2022; initial disclosures are due March 7, 2022; and an initial conference with the Magistrate Judge is scheduled for March 9, 2022. Doc. No. 6.

2.    The Court granted in part and denied in part the Plaintiffs' request for preliminary injunction on January 21, 2022, and issued a nationwide injunction enjoining enforcement of Executive Order 14043. Doc. No. 36. The Court ordered that "[a]ll the defendants, except the President, are thus enjoined from implementing or enforcing Executive Order 14043 until this case is resolved on the merits." *Id.*

3.    The Defendants filed a notice of appeal of the Court's preliminary injunction order. Doc. No. 37. Defendants also moved both this Court and the Fifth Circuit for a stay of the preliminary injunction pending appeal. Doc. No. 40; Doc. No. 00516192163, Case No. 22-40043 (5th Cir. Jan. 28, 2022). This Court denied Defendants' motion to stay the preliminary injunction pending appeal on February 11, 2022.

4.    On February 9, 2022, the Fifth Circuit ordered that the Defendants' stay motion be carried with the case, and set an expedited briefing schedule pursuant to which the Defendants' appeal of the preliminary injunction will be fully briefed by February 18, 2022. *See* Doc. No. 00516198602, Case No. 22-40043 (5th Cir. Feb. 10, 2022). The Fifth Circuit calendared the case for argument on March 8, 2022.

5.    This Court has broad discretion to stay this action. "A district court has inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Heck v. Triche*, 775 F.3d 265, 276 (5th Cir. 2014) (internal quotations and citations omitted); *see also, e.g., Clinton v. Jones*, 520

U.S. 681, 706 (1997) (recognizing district court's "broad discretion to stay proceedings"). In determining whether to stay a case, the court must consider what is "efficient for its own docket" as well as "the fairest course for the parties." *Greco v. Natl. Football League*, 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015).

6. Here, conservation of the Court's and the parties' resources weighs in favor of a stay. A stay will promote efficiency because the resolution of the Defendants' appeal is likely to provide substantial, if not dispositive, guidance with respect to central issues presented in this case. Awaiting final resolution of the appeal would conserve the resources of the parties and the Court and eliminate the need to address legal issues—including threshold jurisdictional defenses such as CSRA preclusion—that the Fifth Circuit is currently considering on appeal. *See Coker v. Select Energy Servs., LLC*, 161 F. Supp. 3d 492, 495 (S.D. Tex. 2015) (stay of proceedings pending appeal appropriate where the issues presented on appeal "would simplify and resolve threshold issues relating to . . . jurisdiction").

7. Moreover, given the expedited nature of the Fifth Circuit proceedings, the requested stay would not prejudice the plaintiffs. So long as the injunction remains in place, they face no threat of harm from the executive order. *See, e.g.*, Minute Order of Dec. 10, 2021, *Texas v. Biden*, No. 3:21-cv-309-JVB (S.D. Tex.) (staying challenge to Executive Order 14042 in light of another district court's nationwide injunction).

8. If the Court determines that this matter should not be stayed at this time, Defendants request in the alternative that the Court extend all deadlines by 30 days and

reset the initial conference currently set for March 9, 2022. Such an extension would serve the interests discussed above because it would allow additional time for proceedings on the Defendants' appeal of the preliminary injunction to play out.

Dated February 17, 2022        BRIT FEATHERSTON
United States Attorney, Eastern District of Texas

 /s/ *James G. Gillingham*
JAMES G. GILLINGHAM
Assistant United States Attorney
Eastern District of Texas
Acting Under Authority Conferred by 28 U.S.C. § 515
Attorney in Charge
Texas Bar #24065295
110 N. College Street; Suite 700
Tyler, Texas 75702
Telephone: (903) 510-9346
Facsimile: (903) 590-1436
James.Gillingham@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF CONFERENCE**

     I certify that on February 17, 2022, counsel for Plaintiffs confirmed their consent to the relief requested in this motion.

                                         /s/    *James G. Gillingham*
                                       JAMES G. GILLINGHAM

## **CERTIFICATE OF SERVICE**

I certify that on February 17, 2022, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

/s/   *James G. Gillingham*
JAMES G. GILLINGHAM