IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| FEDS FOR MEDICAL FREEDOM, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN, JR., in his official capacity, *et al.*, <br><br> Defendants. | Civil Action 3:21-cv-00356 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO LIFT STAY AND FOR SUMMARY JUDGMENT**

On March 23, 2022, the Fifth Circuit sitting en banc affirmed this Court's order granting a nationwide preliminary injunction against enforcement of Executive Order 14043. *See Feds for Medical Freedom v. Biden*, 63 F.4th 366 (5th Cir. 2023). Subsequently, on May 9, 2023, President Biden revoked Executive Order 14043 (as well as Executive Order 14042, applicable to federal contractors), effective at 12:01 a.m. on May 12, 2023. *See* Exec. Order No. 14099, 88 Fed. Reg. 30,891 (May 9, 2023) ("Revocation Executive Order"). The Fifth Circuit's mandate then issued on May 15, 2023. *See* Judgment on Rehearing En Banc, ECF No. 50. Now, Plaintiffs ask this Court to lift its stay on further proceedings and summarily award declaratory and permanent injunctive relief to them. But Defendants respectfully submit that this litigation should remain stayed pending final resolution of their appeal from the Court's preliminary-injunction order, and that, in any event, it would be inappropriate for the Court to enter final relief at this time.

1

The stay remains justified for substantially the same reasons that warranted it in the first place. After this Court entered a nationwide preliminary injunction against enforcement of Executive Order 14043, Defendants appealed and moved "to stay further litigation, pending final resolution of the preliminary injunction appeal." *See* Defs.' Mot. to Stay, ECF No. 44, at 1. In their motion, Defendants explained that the resolution of the appeal could provide "substantial" guidance relevant to any further proceedings, and that Plaintiffs would face "no threat of harm from the Executive Order" in the interim. *Id.* at 3. Finding Defendants' motion "well taken," the Court stayed this case.

The issuance of the Fifth Circuit's mandate does not undermine the reasons for the present stay. The Solicitor General is responsible for determining whether to seek further review of the Fifth Circuit's decision, *see* 20 C.F.R. § 0.20(a), and no determination has been made at this time. Specifically, Defendants have until June 21, 2023 to petition the Supreme Court for a writ of certiorari in its appeal from this Court's preliminary-injunction order. Until the time for Defendants to seek further review has passed, or any proceedings before the Supreme Court have concluded, Defendants' appeal has not been finally resolved. Such final resolution was expressly contemplated by Defendants' original (and "well taken") motion to stay. And given that further action by the Supreme Court may yet inform subsequent proceedings in this Court, and because there continues to be no threat of harm to Plaintiffs in the interim, there is no compelling reason to reverse course now.

Even if the Court were inclined to lift the stay at this time, it would be inappropriate to summarily enter final judgment in favor of Plaintiffs without further proceedings. As the Fifth Circuit emphasized, its decision involved only a "*preliminary* injunction," *Feds for Med.*

*Freedom*, 63 F.4th at 389, and many issues remain to be determined, particularly mootness. *Cf. id.* (noting the need for the parties to "grapple" with the end of the COVID-related emergency in subsequent district court proceedings). And even setting aside mootness, Defendants have not yet even responded to Plaintiffs' complaint and this Court still would need to conduct further proceedings on the merits before entering any final judgment. *See, e.g.*, *Feds for Med. Freedom*, 63 F.4th at 389 ("When the parties proceed to the merits in the district court, the plaintiffs will have to *prove* that whatever injunction they request is broad enough to protect against their proven injuries and no broader. And the Government will have another chance to show that any permanent injunction should be narrower than the preliminary one."). Accordingly, the Court should reject Plaintiffs' premature request for summary judgment and final declaratory and injunctive relief.

If the Court is inclined to lift the stay, it should do so for the limited purpose of determining mootness. Plaintiffs preemptively attempt to wave away their mootness problem by invoking the voluntary-cessation exception to mootness, but that exception has no application here. *Cf. Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 833 (5th Cir. 2023) (noting that "'[w]ithout evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing,'" and "the government's ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception" (citation omitted)). And in any event, the Court should permit Defendants to affirmatively assert mootness as part of a procedurally appropriate motion to dismiss in the first instance. If the Court does decide to lift the stay on further

3

proceedings in this case, Defendants would be prepared to move to dismiss this case as moot by June 22, 2023.

Dated:  June 2, 2023 Respectfully submitted,

DAMIEN DIGGS
United States Attorney
Eastern District of Texas

 /s/ *James G. Gillingham*
JAMES G. GILLINGHAM
Assistant United States Attorney
Eastern District of Texas
Acting Under Authority Conferred by 28 U.S.C. § 515
Attorney in Charge
Texas Bar #24065295
110 N. College Street; Suite 700
Tyler, Texas 75702
Telephone: (903) 510-9346
Facsimile: (903) 590-1436
James.Gillingham@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

    I certify that on June 2, 2023, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

                                             */s/ James G. Gillingham*
                                             JAMES G. GILLINGHAM