**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| FEDS FOR MEDICAL FREEDOM, et al., | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) No. 3:21-cv-356 |
| | ) |
| JOSEPH R. BIDEN, JR., et al., | ) |
| | ) |
| *Defendants*. | ) |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT STAY, GRANT SUMMARY JUDGMENT AND DECLARATORY RELIEF IN PART, AND ISSUE PERMANENT INJUNCTIVE RELIEF**

In their opening brief, Plaintiffs demonstrated that the Court should: *first*, lift its stay in this case; *second*, grant summary judgment for Plaintiffs on Counts 1 and 2, along with declaratory relief on those Counts, pursuant to Count 7; *third*, dismiss Counts 3 through 6 without prejudice; and *fourth*, issue permanent injunctions against enforcement of the vaccine mandates previously imposed under Executive Orders 14,042 and 14,043.

Plaintiffs sought this relief because binding Fifth Circuit precedent has now held that both Executive Orders are unlawful and impose irreparable harm. Plaintiffs also exhaustively demonstrated that the case is not moot, despite Defendants' voluntary cessation, as there is substantial evidence and logic undercutting any claim that Defendants would never reimpose the vaccine mandates.

***Defendants' Alleged Interest in Seeking Supreme Court Review.*** In response, Defendants primarily ask the Court to keep the stay in place while they consider whether

1

to seek certiorari at the Supreme Court. But they never explain why the Solicitor General would ask the Supreme Court to review a case that Defendants themselves claim to have mooted, nor why the Supreme Court would ever grant review in such circumstances. Defendants apparently are using the vanishing prospect of seeking certiorari to delay this case further, perhaps so the decision to withdraw the vaccine mandates will seem further in the rear-view mirror by the time this Court reviews the merits. In fact, Defendants claim they could file a motion to dismiss by June 22—the *very next day* after the deadline to seek certiorari at the Supreme Court—which confirms they are simply waiting for that deadline to pass, without any meaningful intention of seeking Supreme Court review.

Finally, even when a party does seek certiorari at the Supreme Court, proceedings usually continue apace in the lower courts, and there is no reason that should be different here. *See, e.g.*, Fed. R. App. P. 41. Defendants could have asked the Fifth Circuit to delay issuing the mandate pending a petition for certiorari. *See id.* Defendants chose not to do so. This Court should proceed accordingly.

***Defendants Have Forfeited Any Opposition to Plaintiffs' Motions for Summary Judgment, Declaratory Relief, and Injunctive Relief.*** On the merits of Plaintiffs' motion for summary judgment, declaratory relief, and injunctive relief, Defendants barely respond at all. In fact, their response is so cursory that the Court should deem any opposition forfeited, as is customary when a party declines or fails to mount a meaningful opposition to a motion for summary judgment. "'It is a well settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, *legal or factual*, why summary judgment should not be entered. It is not enough to merely mention or allude to

a legal theory in order to raise an argument. Rather, a party must press its claims, which entails clearly identifying a theory as a proposed basis for deciding the case.'" *Buehler v. Dear*, 27 F.4th 969, 991 (5th Cir. 2022) (emphasis in original); *see also Gray v. White*, 18 F.4th 463, 469 (5th Cir. 2021) ("[W]hen a party fails to raise an argument in opposition to a motion for summary judgment …, that argument is waived."); Fed. R. Civ. P. 56(e) ("If a party … fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion [or] … grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.").

In particular, Defendants do not dispute that the Fifth Circuit has issued binding precedent on all the issues on which Plaintiffs seek summary judgment and declaratory relief. Defendants claim the Fifth Circuit addressed only a preliminary injunction, but Plaintiffs' opening brief already explained at-length why the Fifth Circuit's opinions in *Feds for Med. Freedom v. Biden*, 63 F.4th 366 (5th Cir. 2023) (*en banc*), and *Louisiana v. Biden*, 55 F.4th 1017 (5th Cir. 2022), dictate the outcome of Counts 1, 2, and 7 of the Complaint in this case. Defendants do not respond to those arguments and never even acknowledge the *Louisiana* case, let alone address that decision.

Nor do Defendants dispute Plaintiffs' showing regarding the scope of injunctive relief. Plaintiffs made a lengthy and detailed showing that a nationwide injunction remains appropriate against the vaccine mandate previously imposed under Executive Order 14,043. Defendants offer no response. The Court should again deem any opposition forfeited. And even if the Court considers the merits, Plaintiffs have met their burden.

3

***Defendants Have Failed to Carry Their Burden to Avoid the Voluntary-Cessation Exception to Mootness.*** Defendants can muster only the point that they have not yet filed a motion to dismiss these proceedings as moot (Defendants do not state whether they would seek to dismiss the case on any other bases). That is irrelevant and unpersuasive for several reasons.

*First*, in response to Plaintiffs' detailed arguments about why this case falls within the voluntary-cessation exception to mootness, Defendants provide only one "*Cf.*" cite and no further explanation of any kind. Defendants have forfeited any opposition on the matter, which is critical because the burden of avoiding the voluntary-cessation doctrine rests squarely on Defendants. *See West Virginia v. EPA*, 142 S. Ct. 2587, 2607 (2022).

The one case Defendants cite in passing is also easily distinguishable. The injunction in that case was mooted by the State agency's "formal[] repeal[]" of the challenged regulation, and there was no evidence the regulation would be reimposed. *See Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 834 (5th Cir. 2023). But here there is ample evidence that Defendants may reimpose the vaccine mandates, as explained in detail in Plaintiffs' opening brief, and there is no such intervening formal agency or legislative repeal here. Although the COVID-19 emergency was repealed by Congress, the vaccine mandates were not premised on that emergency declaration, and the asserted authority for those vaccine mandates remains on the books. Further, *Abbott* was especially sensitive to the "serious federalism concerns" if "a federal court [were] to order state officials to continue enforcing a policy that the state agency has repealed." *Id.* at 837. There are no federalism concerns in this case, however.

4

Finally, *Abbott* expressly held that even though the injunction was moot, the district court's "order and declaratory judgment—declaring that the Defendants violate the First Amendment by excluding the Foundation's exhibit from a limited public forum—shall remain." *Id.* at 828. Defendants do not address that holding, which confirms this Court should at the very least enter judgment and declaratory relief in favor of Plaintiffs.

*Second*, even if it weren't deemed forfeited, the fact that Defendants consciously chose not to respond on the merits regarding voluntary cessation only confirms that they have no good arguments on the matter. Unlike cases where intervening legislative acts have mooted the case, Defendants' decision to withdraw the vaccine mandates was entirely their own choice, made only after they had lost before the *en banc* Fifth Circuit and well after COVID-19 figures had dropped dramatically and stayed relatively low. Even now, Defendants refuse to say they will not reimpose the mandates, and the fact that they oppose summary judgment here is proof in itself that they have at least some desire to be able to reimpose vaccine mandates down the road.

This case is therefore analogous to the fiasco involving the CDC eviction moratorium, which the Administration reimposed after allowing it to lapse and after stating publicly that it would *not* reimpose the moratorium. *See, e.g.*, Josh Boak *et al.*, *CDC Issues New Eviction Ban for Most of US Through Oct. 3* (Aug. 4, 2021), https://apnews.com/article/lifestyle-business-health-coronavirus-pandemic-us-supreme-court-d9757b5fd75f8e5411772621cffde005. If anything, the vaccine mandates are an even stronger example of voluntary cessation than the CDC eviction moratorium because

5

Defendants still insist there is ample legal authority for the vaccine mandates, while they at least acknowledged the dubious legal grounds for the eviction moratorium.

*Third*, it would be a pointless endeavor to allow Defendants to file a motion to dismiss when the Fifth Circuit has issued opinions that bind this Court on the relevant claims, with the exception of mootness (which Defendants have barely addressed anyway, as noted). Any other basis for seeking to dismiss this case would be precluded by the Fifth Circuit's decisions in this case and in *Louisiana*.

Defendants' argument that they are entitled to file a motion to dismiss before Plaintiffs can seek summary judgment directly contradicts Rule 56 itself, which expressly allows a party to seek summary judgment "at any time" until 30 days after the close of all discovery. Fed. R. Civ. P. 56(b). Nor have Defendants invoked Rule 56(d) to argue that they are somehow unable to respond to Plaintiffs' motion at this time. Rather, Defendants have simply chosen not to respond in any meaningful way.

The issue of mootness is already before the Court in Plaintiffs' timely and procedurally proper motion for summary judgment, and Defendants were required to raise their arguments in response. *See, e.g.*, *Buehler*, 27 F.4th at 991. They cannot choose to forfeit arguments here in the hopes of trying to resurrect them in some future motion.

## CONCLUSION

The Court should lift its stay; grant summary judgment in Plaintiffs' favor and against Defendants on Counts 1 and 2, and issue declaratory relief on those Counts pursuant to Count 7; dismiss Counts 3 through 6 without prejudice; and issue permanent injunctions

against enforcement of the vaccine mandates previously imposed under Executive Orders 14,042 and 14,043.

Dated: June 3, 2023

Respectfully submitted,

/s/ R. Trent McCotter
R. TRENT MCCOTTER*
  So. Dist. No. 3712529
  Texas Bar No. 24134174
JONATHAN BERRY (*pro hac vice*)
MICHAEL BUSCHBACHER (*pro hac vice*)
JARED M. KELSON (*pro hac vice*)
BOYDEN GRAY & ASSOCIATES
801 17th St. NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

* ATTORNEY-IN-CHARGE

## CERTIFICATE OF WORD AND PAGE COUNTS

I hereby certify that the total number of words in this document, exclusive of those sections designated for omission, is 1585 words, as registered by Microsoft Word. I further certify that this document, exclusive of those sections designated for omission for word limit purposes, is 6 pages. I further certify that this document is in size 13 Times New Roman font.

/s/ R. Trent McCotter

R. Trent McCotter

## CERTIFICATE OF SERVICE

I certify that on June 3, 2023, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

/s/ R. Trent McCotter

R. Trent McCotter