IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| FEDS FOR MEDICAL FREEDOM, et al., | ) |
| | ) |
| *Plaintiffs*, | ) |
| | ) |
| v. | ) No. 3:21-cv-356 |
| | ) |
| JOSEPH R. BIDEN, JR., et al., | ) |
| | ) |
| *Defendants*. | ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs previously moved the Court to lift its stay in this case, grant partial summary judgment, and issue declaratory and permanent injunctive relief. *See* ECF No. 49. Plaintiffs demonstrated that the merits of this case are controlled by precedential Fifth Circuit opinions and that Defendants were not only incorrect to claim the case was moot but had also forfeited any objection to a finding of voluntary cessation. *See id.* at 10-14; ECF No. 53.

Plaintiffs bring to the Court's attention a recent published Fifth Circuit opinion addressing mootness in the context of a challenge to the military's vaccine mandate. *See U.S. Navy Seals 1-26 v. Biden*, No. 22-10007 (5th Cir. July 6, 2023) (Ex. A attached). The Fifth Circuit held that the appeal of preliminary injunctions issued against the military mandate was moot because the mandate had been withdrawn pursuant to statute and then the Navy "went above and beyond" by promulgating additional policies that "eliminated any remaining distinctions between vaccinated and unvaccinated personnel" and also

1

prohibited "'any new adverse administrative actions'" and "require[d] removing past adverse actions." *Id.* at 2, 6, 8.

Those features distinguish that case from this one from a mootness perspective. *First*, Plaintiffs are unaware of Defendants issuing policies going "above and beyond" mere rescission of the challenged mandates here, such as requiring that all prior adverse actions (and other actions not qualifying under the statutory definition of that term) be removed from the files of those employees who did not comply with the illegal vaccine mandates. The Fifth Circuit repeatedly pointed to such policies in *Navy Seals* as evidence of mootness. Ex. A at 2, 6-8. Accordingly, the adverse effects of the challenged mandates remain even after their rescission.

*Second*, as Plaintiffs have argued, *see* ECF No. 53 at 4, there is no statute that required the Executive to rescind the challenged employee and contractor mandates here. *Navy Seals* repeatedly cited the fact that Congress itself had acted by law, which was relevant to whether the Executive's subsequent actions might be mere litigation posturing. Ex. A at 2, 5, 7, 11 n.7. But Congress passed no law requiring the employee and contractor mandates to be rescinded. And in fact, the President rescinded the mandates only after losing in Court (including the *en banc* Fifth Circuit), and well after announcing the end of *other* COVID-related policies—making clear that Defendants were awaiting the outcome of this litigation before deciding whether to lift the mandates. *See* ECF No. 49 at 10-13. That raises the kind of gamesmanship concerns that were absent in *Navy Seals*.

Finally, despite concluding that the appeal in *Navy Seals* was moot, the Court noted that this "does not end the litigation" and expressly declined to vacate the previously issued

preliminary injunctions, as "they no longer have any practical effect" anyway. Ex. A at 14 & n.10. That holding is analogous to Plaintiffs' argument here that if Defendants truly had no interest in reviving the mandates, Defendants would presumably have no objection to the Court issuing declaratory and permanent injunctive relief against those mandates. ECF No. 53 at 5; *see also id.* (citing *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 828 (5th Cir. 2023)).

Dated: July 10, 2023

Respectfully submitted,

/s/ R. Trent McCotter
R. TRENT MCCOTTER*
  So. Dist. No. 3712529
  Texas Bar No. 24134174
JONATHAN BERRY (*pro hac vice*)
MICHAEL BUSCHBACHER (*pro hac vice*)
JARED M. KELSON (*pro hac vice*)
BOYDEN GRAY & ASSOCIATES
801 17th St. NW, #350
Washington, DC 20006
(202) 706-5488
mccotter@boydengrayassociates.com

* ATTORNEY-IN-CHARGE

## CERTIFICATE OF WORD AND PAGE COUNTS

I hereby certify that the total number of words in this document, exclusive of those sections designated for omission, is 533 words, as registered by Microsoft Word. I further certify that this document, exclusive of those sections designated for omission for word limit purposes, is 14 pages. I further certify that this document is in size 13 Times New Roman font.

/s/ R. Trent McCotter

R. Trent McCotter

## CERTIFICATE OF SERVICE

I certify that on July 10, 2023, a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) and served on all counsel of record.

/s/ R. Trent McCotter

R. Trent McCotter